UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FRANCISCO FERRER GRANADOS,

                    Petitioner,

        v.

WARDEN, et al.,

                    Respondents.

Case No. 5:26-cv-01840-SSC

MEMORANDUM AND ORDER

On April 14, 2026, Francisco Ferrer Granados filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241. (ECF 1.) Petitioner is a noncitizen[1] who is in immigration detention at the Adelanto ICE Processing Center in Adelanto, California. (*Id.* at 4, 6.)

The petition alleges the following. In approximately 1997, Petitioner entered the United States near San Ysidro, California, without inspection. (*Id.* at 7) He was not admitted or paroled into the country. (*Id.*) Petitioner has lived in the United States since that time—nearly 30 years. (*Id.*)

---

[1] Petitioner is a citizen of Mexico. (ECF 1 at 5.)

Petitioner was taken into immigration custody on December 16, 2025, while at a gas station. (*Id.* at 8.) "The Department of Homeland Security filed an I-213, Record of Deportable/Inadmissible Alien that claims that ICE officers approached Mr. Ferrer Granados because he apparently matched the description of an individual they were targeting. He was not that individual; however, since he confirmed that he was residing in the United States unlawfully, he was taken into custody." (*Id.*) Petitioner was detained and placed in removal proceedings on the basis that he had entered the United States without inspection, pursuant to 8 U.S.C. § 1182(a)(6)(i). (*Id.*) While in proceedings, Petitioner filed an application for Cancellation of Removal for Certain Non-Permanent Residents as the spouse of a lawful permanent resident and the father of three U.S. citizen children. (*Id.*)

After taking custody of Petitioner in December 2025, ICE did not set bond, and Petitioner requested a bond hearing before an immigration judge (IJ) at the at the Adelanto Immigration Court, and in light of the court's decisions in *Maldonado Bautista v. Santacruz.* (*Id.* at 6.) Petitioner was denied eligibility for bond by an IJ because he was deemed subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and the IJ determined that he did not have jurisdiction to issue a bond because he is bound by the agency's prior decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (*Id.*) Petitioner filed a petition for a writ of habeas corpus challenging that decision, and the petition was granted in part and a bond hearing was ordered. (*Id.* at 3, 6.) *See Granados v. Warden*, No. 5:26-cv-00670-AH-DFM, Dkt. No. 14 (C.D. Cal. Mar. 25, 2026). In the order, the District Judge found that Petitioner was a *Maldenado Baustista* "'Bond Eligible Class' member . . . entitled to the relief provided in the *Bautista* final

2

judgment and the procedural protections that § 1226(a) provides, including a bond hearing." *Id,* at 6.  The court ordered respondents to provide Petitioner "an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a)" but did not explicitly provide the burden of proof to be applied at the hearing or indicate whether the burden was on Petitioner or the Government.  *Id.* at 7.  Judgement was entered the same day, and that case was closed.  *See id.*, Dkt. No. 15.

On March 31, 2026, after the hearing was held, the IJ issued an order.  (ECF 1-1 at 83.)  The IJ denied bond after reviewing the evidence packet submitted on Petitioner's behalf and hearing arguments in support of release.  (ECF 1 at 9.)  The IJ decision did not detail the reasons for denial, only noting that it was denied on flight risk and that a full decision would be written if Petitioner appeals.  (*Id.* at 10.)  Petitioner has not filed an appeal with the Board of Immigration Appeals.  (ECF 1 at 11.)

On April 3, 2026, Petitioner filed a status report in the -670 case, substantively challenging the IJ's decision.  *See Granados*, No. 5:26-cv-00670-AH-DFM, Dkt. No. 17.  Because the case had been terminated, the court explained that if Petitioner wanted to pursue those potential claims, "the mechanism to do so would be via a newly filed habeas petition under 28 U.S.C. § 2241" and ordered Petitioner to show cause "as to the authority under which purports to proceed at this procedural posture on his new claims regarding the constitutionality of his March 31, 2026 bond hearing."  *Id.*, Dkt. No. 19 at 2.  Petitioner thereafter filed the instant petition.  *See Id.*

Petitioner brings two claim: (1) the IJ erred in denying bond when the correct legal standard was not applied, and (2) the IJ violated

Petitioner's Fifth Amendment right to due process by failing to consider the totality of the circumstances, Petitioner's ability to pay, and less restrictive alternatives to detention and by failing to provide adequate findings of fact.  (*Id.* at 16–18.)

The petition requests that the Court: (1) order Petitioner's immediate release from custody; (2) find that the IJ's denial of bond violated Petitioner's Fifth Amendment right to due process; (3) order a new bond hearing before a different IJ, at which: (i) the government is required to demonstrate by clear and convincing evidence that Petitioner's continued detention is justified, (ii) the IJ must consider the totality of the circumstances—including the *Matter of Guerra* factors, (iii) the IJ must consider Petitioner's ability to pay bond, and (iv) the IJ must consider less restrictive alternatives to detention (including electronic monitoring, regular check-ins, and supervised release); (4) alternatively, require Respondents to release Petitioner from custody unless he is provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days; and (4) award attorney's fees and costs under the Equal Access to Justice Act.[2]  (*Id.* at 24–26.)

In their two-paragraph answer, Respondents included the following: "The Respondents are not presenting an opposition argument at this time."[3]  (ECF 10 at 2.)  Petitioner did not reply.

---

[2] To recover prevailing-party fees under the EAJA, counsel must file a separate motion for such fees within thirty days of final judgment in the action.  *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

[3] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral

Because Petitioner has been identified as a *Maldenado Baustista* class member, the parties apparently agree that Petitioner is entitled to a bond hearing, the Court grants the petition as to that relief.  In that posture, there is no need for the Court to decide anew or revisit whether Petitioner is entitled to a bond hearing on grounds or terms other than those stated and provided in *Maldonado Bautista* cases.  *See*, *e.g.*, *Aguilar v. Janecka*, No. 5:26-cv-00602-SSS-BFM, 2026 WL 579157, at *1 (C.D. Cal. Mar 2., 2026).

Moreover, consistent with the form of relief that other detainees have been receiving under *Maldonado Bautista* when enforcing the judgment of that case through individual habeas petitions, the government should bear the burden at a discretionary detention hearing before an immigration judge to prove by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See, e.g., Munoz v. Johnson*, No. 2:26-cv-02171-SSS-MAA, 2026 WL 905513, at *1 (C.D. Cal. Apr. 1, 2026); *Benites v. Janecka*, No. 5:26-cv-00222-SSS-BFM, 2026 WL 579160, at *1 n.1 (C.D. Cal. Mar. 2, 2026); *Martinez v. Rios*, No. 5:26-cv-00679-SSS-BFM, 2026 WL 576010, at *1 n.1 (C.D. Cal. Mar. 2, 2026).  There is no cause—and Respondents offer none—to give Petitioner a lesser or different form of relief than that being given to other detainees that have similarly been found to be subject to the *Maldonado Bautista* judgment.

---

arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified).  Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

# ORDER

**IT IS ORDERED** that Judgment shall be entered (1) granting the petition; and (2) enjoining Respondents from continuing to detain Petitioner unless no later than **May 14, 2026**, he is provided with a bond hearing under 8 U.S.C. § 1226(a) at which the government must bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public, and the immigration judge must exercise discretion to make an individualized determination whether Petitioner should be detained pending removal proceedings. At such hearing, the immigration judge must exercise discretion to make an individualized determination whether Petitioner should be detained pending removal proceedings based on all relevant facts—including criminal history, immigration history, manner of entry, length of residence, family ties, employment, community connections, and compliance with prior orders. *See Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The immigration judge must consider alternative conditions of release and Petitioner's financial circumstances when setting a bond amount.

DATED: May 7, 2026

_____
HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

6